# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTER DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

**In re:**

    **Tiffany Bestani**                              **Case No. 16-12768**

    **Debtor**                                         **Chapter 7**

**OPPOSITION TO THE TRUSTEE'S MOTION TO SELL DOMAIN NAMES**

Comes now the Debtor, by counsel, and files her opposition to the trustee's Motion to Sell Domain Names, and asserts the following:

Debtor's former business partner, Eric W. Grossweiner ("the purchaser"), is seeking to purchase assets he already owns from the trustee ("the domain names") as a vehicle for terminating litigation currently pending against him after Debtor filed suit in California naming him as defendant. The lawsuit against the purchaser stems from unpaid wages and is nothing more than a simple breach of contract case. The purchaser, rather than simply settling the case with the Debtor and paying her the $15,000 she has demanded has instead devised a scheme whereby he would claim that the debtor has failed to disclose certain assets in her bankruptcy case (the domain names which he actually owns) and thereafter offer to purchase these "undisclosed assets" from the trustee along with the litigation pending against him.

The purchaser of course is not interested in purchasing the domain names that he already owns, but rather wants to torpedo the state lawsuit currently pending against him that was initiated by the Debtor.

    **I)**        **The confusing nature of the motion**

Paragraph 9 of the Trustee's motion makes reference to an Exhibit A ("Agreement") which is the Agreement executed by the trustee and the purchaser several months ago. The Agreement states that a number of domain names <u>and</u> all rights in the litigation entitled Bestani v. Bayshore Software Technologies, Inc. and Eric W. GRossweiner ("the pending litigation") is to be sold to Mr. Grossweiner("the purchaser") for $16,500.00.

Paragraph 12 of the Trustee's Motion titled **Property for Sale** however declares and seeks approval from the Court for the sale of certain domain names. Conspicuously absent is any mention of the pending litigation which the purchaser is seeking to purchase from the trustee.

Similarly, the Notice of Motion to Sell Domain names again fails to explicitly put the Court on notice that in addition to seeking to sell the certain domain names allegedly owned by Debtor, the trustee is also seeking to sell the debtor's interest in the pending litigation.

In short, if the trustee is seeking to sell the pending litigation that belongs to the Debtor to the Purchaser then his motion needs to explicitly state that. The "domain names" is one asset and the "pending litigation" is a wholly separate assets. One cannot simply conflate the two.

II) **The Trustee Cannot Sell an Asset That Was Disclosed by the Debtor and Subsequently Abandoned by the Trustee.**

Debtor's schedules listed, among its assets, the following asset on Schedule B of her bankruptcy petition: "Possible lawsuit against former employer that has not been pursued against former employer three years ago" with a value of $1.00. The possible lawsuit against the former employer listed in the Debtor's schedule is in fact the current pending litigation which the trustee is now seeking to sell. The trustee had knowledge of this possible lawsuit at the time of the 341, discussed this scheduled asset with Debtor at the time of the 341, had an opportunity to

investigate the merits of the lawsuit following the 341, and chose to file a "No asset report" in the case and allow the case to close without administering the pending litigation.

*If an asset has been formally scheduled under Section 521(a) (1), but has not been administered by the trustee when the estate is closed, the asset is abandoned to the debtor by operation of the law. 11 U.S.C. Section 554(c).* And while the scheduled pending litigation may not have been described in the most elegant fashion possible, the trustee, upon reading the words "possible lawsuit against former employer…." was clearly on inquiry notice as to the need for further investigation and as to the possibility that this might be an asset case. In fact, the trustee was on actual notice of the nature of this asset since he questioned the Debtor about this asset during the 341 he conducted.

Finally, the Trustee, in his motion, alleges in paragraph 5 that the potential undisclosed assets consist of various domain names and accounts("Property). There is no assertion that the pending litigation is not listed as an asset. This "detail" is critical since unlisted assets may be administered by the trustee long after a chapter 7 case closes and the asset is discovered, whereas disclosed assets, if not administered in a timely fashion by the chapter 7 trustee and the case closes are no longer property of the estate.

### III) **The Debtor Does Not Own All But One of the Domains or Accounts Which are the Subject of the Agreement.**

As previously stated in the Debtor's response to the trustee's Motion to Reopen, the allegations made by the purchaser that the Debtor owns various domain names and accounts as outlined in Exhibit A of the Trustee's Motion are simply false. Collarme.com is the only domain name that the Debtor owns. The estate cannot sell assets that the Debtor simply does not own.

Debtor has provided definitive evidence that she does not own the domain names asserted

in the Agreement or have access to the accounts in which the referenced domains reside. The purchaser contends that the Debtor obtained control of the Collarme.com and other domains by compromising his GoDaddy accounts. In fact, Debtor obtained control of that single domain, Collarme.com, by virtue of the fact that she was its legal registrant and therefore its owner. Attorneys for The Purchaser have refused every overture of the Debtor to assist them in obtaining control of the accounts and domains listed in the Agreement because they are using this fiction to try and attack the California litigation through this Court via the Agreement with the Trustee.

**IV.     The Purchaser of the Property is Not Acting in Good Faith**

Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of reasonable business judgment by the Trustee. See In re Meredith, 2005 WL 3763840 (Bankr. E.D. Va. Mar. 9, 2005); In re Delaware & Hudson Rwy. Co., 124 B.R. 169 (D. Del. 1991); In re Titusville County Club, 128 B.R. 396 (Bankr. W.D. Pa. 1991). Page 4 of 5 ~#4820-8867-1315~ 25. In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (i.e., one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. See, e.g., In re Tempo Tech. Corp., 202 B.R. 363, 365 (D. Del. 1996); Titusville Country Club, 128 B.R. at 399. The proposed sale of the Property does not satisfy the "good faith" prong of this standard because the Agreement is a fraud being perpetrated on this Court by the purchaser.

The Trustee's Motion is based on a sworn declaration by The Purchaser in California state court that was filed in conjunction with an application for a temporary restraining order (attached "Exhibit A"). Trustee also filed a declaration in the California court as part of this application that he was seeking to execute an agreement for the sale of the domains and accounts ("Exhibit B"). The Debtor responded to the TRO (Exhibit C).

The TRO Application was denied, with the judge admonishing The Purchaser's attorneys for making no effort to inquire to the Debtor as to the status of the domains; signing the Agreement with the Trustee with no notice to the Debtor; and failing to formally intervene in this Court, as opposed to by proxy through the Trustee, to raise arguments related to Debtor's bankruptcy.

The purchaser's attorneys have resisted all offers by the Debtor to help the Purcahser obtain control over his accounts because it would expose their fraud and deprive them of a vehicle to compromise Debtor's California litigation through the Agreement.

Wherefore, the Debtor respectfully requests that the trustee' s motion be denied.

Respectfully submitted,

/s/Robert S. Brandt
Robert S. Brandt, VSB 46196
The Law Office of Robert S. Brandt
1513 King Street
Alexandria, VA 22314
703-342-7330
brandt@brandtlawfirm.com


CERTIFICATE OF SERVICE

The foregoing Opposition to the Trustee's Motion to Sell Domain Names was served on the Trustee by ECF on this 20th day of November, 2017.

/s/Robert S. Brandt