**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case |
| TIFFANY BESTANI, ) | No. 16-12768-BFK |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**TRUSTEE'S OPPOSITION TO DEBTOR'S**
**MOTION TO COMPEL ABANDONMENT OF PROPERTY**

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this opposition to the debtor's Motion to Compel Abandonment of Property ("Motion to Compel") (Docket Entry 30), stating to the court as follows:

**SUMMARY OF ARGUMENT**

The Debtor's Motion to Compel is related to the Trustee's efforts to sell Internet domain names by way of a quitclaim for $16,500.00. The crux of the Debtor's argument is that the Trustee is unable to sell the Internet domain names and any interest in related litigation because the Trustee has already abandoned the estate's interest in the aforementioned assets. In other words, the Debtor is arguing that the Trustee must now abandon an asset that he allegedly already abandoned when the case was closed. However, what the Debtor does not address is that not only did she fail to sufficiently describe the potential litigation in her schedules, but she and her attorney also failed to adequately explain the underlying claim when the Trustee inquired during the 341 hearing. As such, the Debtor is estopped from arguing that the Trustee has already abandoned an asset about which he was given incomplete information. Moreover, the Debtor fails to establish that the litigation interest she is requesting to be abandoned (which, according to her, has already been abandoned previously) is either burdensome to the estate or is of inconsequential value and benefit

to the estate as required under 11 U.S.C. § 554(b).  Notwithstanding the Debtor's aforementioned arguments, whether the Trustee has any interest in the Internet domain names or litigation is irrelevant because he is seeking to sell the property by way of a quitclaim with no warranty of title or any other warranties.  The Trustee is making no assertions as to any ownership rights in the assets.

## BACKGROUND AND JURISDICTION

1. On August 11, 2016, Tiffany Bestani ("Debtor") filed her voluntary petition under chapter 7 of the Bankruptcy Code.

2. On Schedule A/B of the Debtor's petition (Docket Entry 1), the Debtor listed as an asset "Possible lawsuit that has not been pursued against former employer three years ago" with a value of $1.00.

3. On December 7, 2016, Debtor received her discharge.

4. On December 12, 2016, the case was closed.

5. On September 29, 2017, the Trustee, upon learning of potential undisclosed assets, filed his Motion to Reopen Case (Docket Entry 16), which was granted by this Court on October 24, 2017.

6. The potential undisclosed assets consisted of various Internet domain names and accounts ("Property").

7. On October 31, 2017, the Debtor's case was reopened.

8. On November 1, 2017, H. Jason Gold was appointed as chapter 7 trustee.

9. On November 1, 2017, the Trustee filed a Motion to Sell Domain Names Under § 363(b) ("Motion to Sell") (Docket Entry 23).

10. On November 20, 2017, the Debtor filed an objection to the Trustee's Motion to Sell (Docket Entry 29).

11. On November 20, 2017, the Debtor filed her Motion to Compel, arguing that the Trustee must abandon the estate's interest in pending litigation that the Debtor filed in California state court ("Pending Litigation").

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

**ARGUMENT**

13. Section 554 of the Bankruptcy Code provides three methods by which property of the estate may be abandoned by a trustee. After notice and a hearing, property that is burdensome to the estate or that is of inconsequential value and benefit to the estate may be abandoned by the trustee either on his own motion or by order of the Court at the request of a party in interest. 11 U.S.C. § 554(a) and (b). But without notice and a hearing, and unless the Court orders otherwise, "any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c).

14. In her motion, the Debtor provides no evidence to support a finding that the pending litigation is burdensome to the estate or is of inconsequential value and benefit to the estate. Instead, the Debtor argues that the Trustee has already abandoned the Pending Litigation under § 554(c).

15. On Schedule A/B of the Debtor's petition (Docket Entry 1), the Debtor listed as an asset "Possible lawsuit that has not been pursued against former employer three years ago" with a value of $1.00.

16. When the Trustee inquired about the litigation at the 341 hearing, the Debtor described the potential litigation as a simple claim for unpaid wages of approximately $12,000.00 from a company that "didn't have the money." *See* Debtor's Exhibit 1, Transcript of 341 Meeting, p. 8, lines 7-20. Deeming it to be of inconsequential value and benefit to the estate based on the information provided by the Debtor, the Trustee statutorily abandoned the assets. *See id.* at p. 9, lines 1-2.

17. However, based on the state court complaint the Debtor filed shortly after her case was closed, the Pending Litigation is more than just a claim for unpaid wages. Rather, the Debtor, in addition to $12,000.00, is also seeking revenue sharing payments from the operation of a website from April 2013 to present and 12% of the gross revenues in perpetuity. *See* Debtor's Exhibit 2, Verified First Amended Complaint, p. 16, lines 1-5. In the complaint, the Debtor describes the domain name at issue as a "major revenue generating opportunity." *Id.* at p. 13, lines 1-2.

18. For property to be successfully abandoned, the Court must make a formal determination of abandonment or, alternatively, "the property deemed abandoned has to be so explicitly identified in the schedules as to be able to impute an intent to abandon." *In re Schmid*, 54 B.R. 78, 80 (Bankr. D. Or. 1985) ("Where an apparent no asset case is routinely closed by the Court without the notice to creditors otherwise required by Bankr. R. 2002 and 6007, 11 U.S.C. § 554(c) does not inject the element of gamesmanship relied on here by the debtor to trap the unwary trustee and inadvertently deny creditors the benefit of a substantial asset."); *see also In re Shelton*, 201 B.R. 147, 155 (Bankr. E.D. Va. 1996) (stating the court's concern that the chapter 7 trustee

may not have been afforded the ability to make an informed decision about administering property due to incomplete information in debtor's schedules).

19. Given the insufficient manner in which the Pending Litigation was scheduled and the failure of the Debtor or her attorney to otherwise adequately bring this claim to the Trustee's attention before the case was closed, the Trustee never abandoned any interest he may have had in the Pending Litigation.

20. Notwithstanding any interest the Trustee may or may not have in the Pending Litigation, as explained in the Trustee's Motion to Sell, the Trustee is seeking to sell the Property by way of a quitclaim with no warranty of title or any other warranties. Trustee is making no assertions as to any ownership rights in the Property. Instead, he is seeking to convey to the purchaser any interest he may or may not have in the Property in exchange for $16,500.00 to be distributed to creditors who otherwise received nothing from the Debtor's case.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) denying the Debtor's Motion to Compel and (ii) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW / Suite 900
Washington, DC  20001
Tel: 202.712.2800
Fax: 202.712.2860


By: /s/ David M. Barnes, Jr.
H. Jason Gold, Va. Bar No. 19117
David M. Barnes, Jr., Va. Bar No. 86747

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of November 2017, the foregoing opposition was served via first class mail, postage prepaid, to:

> Office of the United States Trustee
> 115 South Union St., Suite 210
> Alexandria, Virginia 22314
>
> Robert Sergio Brandt
> The Law Office of Robert S. Brandt
> 1513 King Street
> Alexandria, VA 22314
> *Counsel to the Debtor*

/s/ David M. Barnes, Jr.
David M. Barnes, Jr.