**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

**In re:**

**Tiffany Bestani,**

       **Debtor**

**CHAPTER 7**

**CASE NO. 16-12768-BFK**

## DEBTOR'S RESPONSE TO THE TRUSTEE'S OPPOSITION TO MOTION TO COMPEL ABANDONTMENT

Comes now the Debtor, by counsel, and responds as follows to the Trustee's Opposition filed on November 29, 2017:

In 2011 the United States Court of Appeals for the First Circuit addressed a fact pattern very much similar to the case at hand in the case of *In Re Furlong* (Case 11-1386) where an appeal was taken from the United States District Court for the District of Massachusetts after the bankruptcy court granted debtors motion to compel abandonment and the District Court upheld that decision. In the foregoing case, like in this case, the buyer(Donarumo) sought to purchase from the chapter 7 trustee, for a relatively small sum of money, the claims that the debtor listed against him in both their personal and business bankruptcy. The debtors listed the asset on their petition as "Claims for Breach of Contract" with "indeterminate" value.

The Court of Appeals noted that "Here, the Furlongs described their claims with reasonable particularity and it is common knowledge that business tort claims and claims under Mass. Gen. Laws ch 93A might arise out of the same underlying facts as a claim for breach of contract; therefore, the Trustee was on inquiry notice to investigate the extent of the asset. Moreover, the Trustee, having actual knowledge of the contents of the draft complaint, was able to complete his investigation into the value of the claims before making the decision to abandon the claims from the estate. Therefore, all of Drew's II's claims against Donarumo were properly scheduled under 521(a)(1) and were abandoned by operation of law under 554(c) when the corporate bankruptcy case was closed. "

The debtor in the present case described her lawsuit with "reasonable particularity." The trustee could have further investigated the merits of her lawsuit and pursued the litigation, but chose not to.

/s/Robert Brandt
Robert S. Brandt, VSB#46196
Counsel for Debtor
1513 King Street
Alexandria, VA 22314
703-342-7330
brandt@brandtlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2017 I served the US Trustee and the chapter 7 trustee, Jason Gold, by ECF.

/s/Robert Brandt