# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case |
| TIFFANY BESTANI, ) | No. 16-12768-BFK |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

## MOTION FOR ENTRY OF ORDER CONSISTENT WITH COURT'S RULING ON DECEMBER 5, 2017

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this Motion for Entry of Order Consistent with Court's Ruling on December 5, 2017 ("Motion"), stating to the court as follows:

### SUMMARY

Trustee and Debtor's counsel are unable to agree on a proposed order that properly reflects the Court's ruling from December 5, 2017, on the Debtor's Motion to Compel Abandonment of Property ("Motion to Compel"). As demonstrated by the attached proposed orders, Debtor's counsel fails to appreciate the distinction the Court made between litigation related to domain names and litigation not related to domain names. Because the Debtor never scheduled any interest in domain names, the Court stated that the only litigation abandoned by the Trustee was the litigation that was *not* related to domain names.

### BACKGROUND AND JURISDICTION

1. On August 11, 2016, Tiffany Bestani ("Debtor") filed her voluntary petition under chapter 7 of the Bankruptcy Code.

2. On December 7, 2016, Debtor received her discharge.

3. On December 12, 2016, the case was closed.

4. On September 29, 2017, the Trustee, upon learning of potential undisclosed assets, filed his Motion to Reopen Case (Docket Entry 16), which was granted by this Court on October 24, 2017.

5. On October 31, 2017, the Debtor's case was reopened.

6. On November 1, 2017, H. Jason Gold was appointed as chapter 7 trustee.

7. On November 20, 2017, Debtor filed her Motion to Compel (Docket Entry 30).

8. On December 5, 2017, the Court granted Debtor's Motion to Compel (the "Hearing").

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984.  Venue is proper pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

## ARGUMENT

10. Trustee and Debtor's counsel are unable to agree on an order that properly and accurately encapsulates the Court's ruling at the Hearing.

11. At the Hearing, by virtue of the fact that the Debtor never scheduled any interest in domain names, the Court stated that the Trustee abandoned any interest in litigation *not related to domain names.*

12. Attached to this motion are Trustee's Proposed Order and Debtor's Proposed Order (**Exhibit A** and **Exhibit B**, respectively).

13. The Trustee submits that his proposed order is an accurate summation of the Court's ruling at the Hearing.

14.     Also, the Trustee respectfully requests that this Motion be heard in conjunction with the Trustee's Motion to Sell, as both motions address interrelated issues.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter Trustee's Proposed Order and grant such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        H. JASON GOLD, TRUSTEE

        By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW / Suite 900
Washington, DC  20001
Tel: 202.712.2800
Fax: 202.712.2860

By:     /s/ David M. Barnes, Jr.
       H. Jason Gold, Va. Bar No. 19117
       David M. Barnes, Jr., Va. Bar No. 86747

*Counsel to the Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of January 2018, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[1] and to:

>Office of the United States Trustee
>115 South Union St., Suite 210
>Alexandria, Virginia 22314
>
>Robert Sergio Brandt
>The Law Office of Robert S. Brandt
>1513 King Street
>Alexandria, VA 22314
>*Counsel to the Debtor*

>/s/ David M. Barnes, Jr.
>David M. Barnes, Jr.

---

[1] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.