**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case |
| TIFFANY BESTANI, ) | No. 16-12768-BFK |
| ) | Chapter 7 |
| Debtor. ) | |
| _____) | |

**TRUSTEE'S OBJECTIONS TO EXEMPTIONS**

COMES NOW, H. Jason Gold, chapter 7 trustee, by undersigned counsel, and objects to the claimed exemptions of Tiffany Bestani ("Debtor"), stating to the Court as follows:

**SUMMARY OF ARGUMENT**

The Debtor is attempting to exempt previously undisclosed property in a reopened case in direct violation of settled law in this district and Rule 1009 of the Federal Rules of Bankruptcy Procedure. It is undisputed that the Debtor had an ownership interest in a website when she filed her petition in August 2016. During her case, the Debtor never disclosed this asset to the Trustee and failed to amend her schedules at any point before the case was originally closed. The Debtor is now, over a year after the case was originally closed, trying to exempt property that she otherwise hid from the Trustee and the Court. Not only is the Debtor estopped from claiming an exemption in any property by the Federal Rules of Bankruptcy Procedure and established case law within this district but also by the equitable doctrine of laches. The Trustee had already administered the property subject to court approval before the Debtor claimed this exemption. Moreover, a look at the totality of the circumstances of the Debtor's conduct and candor (or lack thereof) throughout this case supports denial of her claimed exemption.

1

## BACKGROUND

1. On August 11, 2016, the Debtor filed her voluntary petition under chapter 7 of the Bankruptcy Code.

2. In her petition and schedules filed with the Court under oath, the Debtor did not disclose her interest in any domain names.

3. On September 30, 2016, the Trustee entered the Report of No Distribution (Docket Entry 12).

4. On December 7, 2016, Debtor received her discharge.

5. On December 12, 2016, the case was closed.

6. On September 29, 2017, the Trustee, upon learning of potential undisclosed assets, filed his Motion to Reopen Case (Docket Entry 16), which was granted by this Court on October 24, 2017.

7. The potential undisclosed assets consisted of various domain names and accounts ("Property").

8. On October 31, 2017, the Debtor's case was reopened.

9. On November 1, 2017, H. Jason Gold was appointed as chapter 7 trustee.

10. On January 3, 2018, the Trustee filed his Motion to Sell Property of the Estate (Docket Entry 44) to quitclaim the Debtor's interest in domain names and all related portions of any pending litigation that were not abandoned by the Trustee for $10,000.00 ("Motion to Sell").

11. On January 11, 2018, the Debtor filed certain amended schedules (Docket Entry 48).

12. On amended Schedule A/B: Property, the Debtor listed her interest in "collarme.com (website)" ("Website") with a value of "Unknown."

13. On amended Schedule C, the Debtor claimed an exemption in the Website in the amount of $10,000.00 under 11 U.S.C. § 522(d)(5) ("Exemption").

14. On February 6, 2018, the Court entered an order granting the Motion to Sell (Docket Entry 54).

## ARGUMENT

15. The Exemption is improper for the following reasons: (i) the Debtor may not exempt previously undisclosed property after her bankruptcy case has been closed, irrespective of the fact that the case was subsequently reopened; (ii) the Debtor is barred by the doctrine of laches to take advantage of an exemption over a year after the case has been closed; and (iii) the totality of the circumstances surrounding the failure to disclose reflects an intent to defraud the creditors and a pattern of behavior designed to deceive the Trustee, her creditors, and the Court.

16. Rule 1009 of the Federal Rules of Bankruptcy Procedure provides that a debtor only maintains the right to amend the schedules, statements, and lists prior to the closing of the bankruptcy case. *In re Wilmoth*, 412 B.R. 791, 796-97 (Bankr. E.D. Va. 2009).

17. Judge Kevin R. Huennekens in *Wilmoth* explained that "[r]eopening a case does not automatically grant the Debtor a right to amend schedules or take other actions that ought to have occurred prior to closing; instead, the reopening of the case allows administrative and ministerial loose ends to be tied." 412 B.R. at 795; *see also In re Poulette*, 493 B.R. 729 (Bankr.

D. Md. 2013) (following Judge Huennekens' legal analysis in *Wilmoth*). Judge Huennekens went on to note that:

> A reopened case is not the same as a never-closed case. Unless the Court is to ignore the plain language of Rule 1009 of the Federal Rules of Bankruptcy Procedure, the time within which the Debtor had to amend Schedule C and claim the Cause of Action exempt as a matter of right was *before the case was closed.* The Debtor's right to amend the exemption schedule ended with the closing of the case.

*Id.* at 796 (emphasis in original).

18.    The Debtor signed the original schedules under penalty of perjury and indicated by that signature that all assets were disclosed.

19.    Furthermore, in equity, laches bars the Debtor from asserting exemptions in undisclosed property over a year after the case was closed. The Debtor owned the Website pre-petition and yet took no action to amend her schedules at any point during the case for over a year. Even after the case was reopened, the Debtor still did not seek amendment until after the Trustee entered into a contract for the sale of, among other things, the estate's interest in the Website. The Debtor should not be permitted to benefit from the late filed Exemption when she failed to disclose the asset both on her schedules and when asked to disclose all assets at the meeting of creditors.

20.    Moreover, the Debtor is attempting to exempt property that the Trustee has already administered. The Trustee filed his first motion to sell, among other things, the Website on November 1, 2017 (Docket Entry 24). The Trustee withdrew the first motion and filed his revised Motion to Sell on January 3, 2018. It was only after the Trustee's revised Motion to Sell was filed, over a year and a half after the Debtor's case was originally closed, that the Debtor

filed her amended schedules and exemptions. The Debtor had ample time after she originally filed her petition to disclose the Website and claim it as exempt but plainly failed to do so. While no bankruptcy sale is complete until court approval is obtained, the actual transaction is materially consummated when the parties enter into a binding contract.

21. Finally, the totality of the circumstances of this case argues against allowance of the Exemption. The Debtor failed to disclose the Website on her schedules and at her meeting of creditors, in direct violation of her duty to truthfully disclose all assets. The Debtor clearly knew about her interest in the Website because in the state court lawsuit the Debtor filed shortly before the meeting of creditors, she asserted an ownership interest in the Website. The Debtor was asked to list her assets on her schedules and failed to do so. At the meeting of creditors, the Debtor was asked whether she had fully disclosed her assets, to which she incorrectly responded that she had. *See* Exhibit 1 to Debtor's Motion to Compel Abandonment of Property (Docket Entry 30), Transcript of 341 Meeting, p. 5, lines 2-18. The actions of the Debtor reflect a blatant intent to deceive the Trustee, her creditors, and the Court, and consequently, the Court should disallow her Exemption.

## **CONCLUSION**

WHEREFORE, the Trustee, having objected to the claimed Exemption of the Debtor, requests that this Court enter an order: (i) sustaining the Trustee's objection stated herein and denying the Debtor's claimed Exemption; and (ii) for such other and further relief as may be necessary.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860


By:    /s/ David M. Barnes, Jr.
       H. Jason Gold, Va. Bar No. 19117
       David M. Barnes, Jr., Va. Bar No. 86747

       *Counsel to the Chapter 7 Trustee*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February 2018, the foregoing was served via first class mail, postage prepaid, to:

> Office of the United States Trustee
> 115 South Union St., Suite 210
> Alexandria, Virginia 22314
>
> Robert Sergio Brandt
> The Law Office of Robert S. Brandt
> 1513 King Street
> Alexandria, VA 22314
> *Counsel to the Debtor*


            /s/ David M. Barnes, Jr.
            David M. Barnes, Jr.